**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

THOMAS EDWARD MITCHELL,

    Petitioner,

-vs-                                                  Case No. 8:08-CV-466-T-30TGW

ATTORNEY GENERAL,
STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") challenging a conviction for second degree murder entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). The petition is time-barred. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus sua sponte).

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the

latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on June 23, 2003, when he voluntarily dismissed his direct appeal (Dkt. 1 at 2). Therefore, Petitioner had until June 23, 2004, to commence federal proceedings absent any delay attributable to tolling, i.e., a pending, properly filed application for state post-conviction relief.

30 days of the one-year limitation period elapsed until Petitioner filed a post-conviction motion in the state trial court on July 24, 2003 (Id. at 15). On October 2, 2003, the state trial court denied Petitioner's post-conviction motion (Id. at 82-85). Petitioner did not appeal the denial of his post-conviction motion. Therefore, the one-year limitation period resumed on November 1, 2003, when the time for Petitioner to appeal the denial of his post-conviction motion expired.[1] *See* Fla. R. App. P. 9.110(b). Accordingly, Petitioner had another 335 days, or October 1, 2004, to file his federal habeas petition. Petitioner next filed

---

[1] In his response to the Court's order to show cause why the petition should not be dismissed as time-barred (Dkt. 11), Petitioner argues that the limitation period remained tolled until January 30, 2004, because he had 90 days from the denial of his post-conviction motion to seek certiorari review in the United States Supreme Court. Petitioner is incorrect. The United States Supreme Court is not part of a "State's post-conviction procedures," and the statute of limitations is tolled only while the state court reviews the post-conviction motion. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (U.S. 2007).

a state post-conviction motion on February 4, 2005 (Id. at 15).[2] However, once AEDPA's limitations period expires, it cannot be reinitiated. Therefore, none of Petitioner's filings after October 1, 2004, had any tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Consequently, Petitioner's federal habeas petition is untimely.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

# CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue -- only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists

---

[2] Petitioner claims he mailed his post-conviction motion to the state court on January 27, 2005 (Dkt. 11 at pp. 1-2). Even if true, the petition is still untimely as Petitioner mailed the post-conviction motion after the limitation period expired on October 1, 2004.

would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000),) or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 9, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*